### FRANK BURRIS ET AL. v. THE STATE.

*No. 554.   Decided June 1.*

**1. Scire Facias—Dismissal of—Effect on Judgment Nisi—Plea in Abatement.**—Where a judgment nisi has been rendered upon a forfeited bail bond, and scire facias has been issued and served on the sureties, who have answered, *Held*, that a dismissal of the case without an order setting aside the judgment nisi does not operate to vacate and set aside said judgment nisi, and that a second forfeiture of the bail bond and judgment nisi were without authority of law and void; and it was error for the court to overrule the plea in abatement of the sureties to the second writ of scire facias.

**2. Practice as to Defective Forfeiture, and Invalid or Improper Judgment Nisi.**—Where the forfeiture of a bail bond has been improperly taken and the judgment nisi entered without authority of law, it is competent for the court to set aside the judgment nisi and proceed to forfeit the bond anew; or if the forfeiture and judgment nisi are only irregularly or informally entered, they may be amended.

APPEAL from the District Court of La Salle. Tried below before Hon. LOUIS P. BRYAN, Special Judge.

L. F. Burris was indicted in the District Court of La Salle County, in case number 530, and with the appellants executed the bail bond in the sum of $500, upon which there was a forfeiture on the 23rd day of December, 1891, and judgment nisi was rendered thereon by the court, and the entry of this judgment nisi was not such an entry as the statute required, but was defective in form only. This cause was numbered on the docket 315. The sureties were cited and appeared, and answered by a general denial; and thereafter the district attorney dismissed case number 315 by the following entry in the minutes of the court, to wit: "Plaintiff dismisses this suit without prejudice, with the consent of the attorney of the defendants." And thereafter again for-

feited the bail bond in case number 530, and a proper judgment nisi was rendered. At the next term of the court appellants appeared and pleaded in abatement to this suit, that the judgment nisi rendered in case number 315 had not been set aside, vacated, or annulled, and that it was still in force; and this plea was duly verified, but was overruled by the court, and upon the evidence judgment final was rendered by the court against these appellants, as well as their principal, in the sum of $500, and all costs of suit.

*E. R. Lane,* for appellants.—1. The court erred in overruling defendants' plea in abatement filed in this cause.

2. The court erred in rendering judgment final against these defendants in this case, upon the pleadings and evidence.

3. The court erred in holding, that the forfeiture of the bail bond and judgment nisi rendered therein (in case number 315) at the May Term, 1892, of said court, was vacated and set aside by the dismissal of said cause number 315, at the November Term, 1893, of said court.

4. The court erred in reforfeiting the bail bond, and entering judgment nisi therein, at the November Term, 1893, of said court, when the previous forfeiture and judgment nisi, declared and rendered at the May Term, 1892, of said court, had not been set aside nor vacated by the dismissal of case number 315, at the November Term, 1893, of said court.

5. The court erred in not holding that before the bond could be forfeited, and a second judgment nisi rendered thereon, the previous forfeiture taken and judgment nisi rendered must be set aside, vacated, and declared to be void.

6. The simple dismissal of the case number 315, at the November Term, A. D. 1893, of said court, did not reach back to the judgment nisi and set it aside, but it operated only to dismiss the scire facias in case number 315, and nothing more.

7. The court erred upon the pleadings and evidence in not rendering judgment for defendants; therefore the case should be reversed and dismissed. Code Crim. Proc., art. 451; Gragg v. The State, 18 Texas Crim. App., 295; Robertson v. The State, 14 Texas Crim. App., 211; Anderson v. The State, 19 Texas Crim. App., 299.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a final judgment on a forfeited bail bond.

It appears from the record in this case that one L. F. Burris, alias Frank Burris, was indicted in the District Court of La Salle County for theft of one head of cattle (case on the docket of said court number 530.) The defendant was arrested on the 23rd day of December, 1891, and on the same day executed the appearance bail bond in said case, in the sum of $500, with A. P. West and E. W. Alderman as sureties.

On the 12th day of May, 1892, at a regular term of the District Court of said La Salle County, the defendant, Burris, failed to appear when said criminal case was called for trial, and a forfeiture was taken on said bail bond, and a judgment nisi entered. A scire facias on said judgment nisi was issued, and served on the sureties. Said cause was entered on the docket number 315. The sureties answered by a general denial, and thereafter, on the 13th day of November, 1893, at a regular term of said District Court, the plaintiff dismissed said case, the entry being as follows: "Plaintiff dismisses this suit without prejudice, with the consent of the attorney of the defendants." On the same day the district attorney took another forfeiture on said bail bond, and judgment nisi was rendered thereon, and scire facias was issued on said last mentioned forfeiture to the sureties. The case was entered on the docket of said court number 345, and at the November Term, 1894, the sureties appeared and answered to said case, setting up that the first judgment nisi had never been set aside, and that same was still pending, and that the last forfeiture and judgment nisi were without authority of law, and they pleaded said former proceedings in abatement of this suit. The court heard the case and overruled defendant's plea in abatement, and gave judgment against the defendant on said last judgment nisi for the sum of $500, and interest, and from said judgment the sureties prosecute this appeal.

The question submitted for the decision of this court is as follows: If the dismissal of case number 315, as entered on the minutes of the District Court, operated to set aside and vacate the judgment nisi, then the judgment final rendered in this case (number 345) should be affirmed. But if said dismissal of said cause number 315 did not vacate and set aside said judgment nisi in said cause number 315, then the judgment final rendered in this case number 345 should be reversed, and the case remanded. It has been held by this court, that a scire facias on a forfeited bail bond serves the purpose of both a petition and a citation. The bond and the judgment nisi are the basis of the suit or cause of action. Arrington v. The State, 13 Texas Crim. App., 554; McWhorter v. The State, 14 Texas Crim. App., 239. The dismissal of the suit is in effect a dismissal of the scire facias, and leaves the causes of action (the judgment nisi and bond) as they were before. No order was made setting aside the judgment nisi. If the forfeiture had been improperly taken, and the judgment nisi entered without authority of law, it was competent for the court to set said judgment aside, and then proceed to forfeit the bond again; or, if the forfeiture and judgment nisi were merely irregularly or informally entered, it was subject to amendment. Code Crim. Proc., art. 451; Hutchings v. The State, 24 Texas Crim. App., 242; Anderson v. The State, 19 Texas Crim. App., 299. In this case, the effect of the order of the court was merely to dismiss the scire facias proceeding, and to leave the judgement nisi in statu quo; and it was not competent for the court to take any other forfeiture on said bond while there was an

existing forfeiture, merging the bond in the judgment nisi. And, in our opinion, the second forfeiture and judgment nisi taken on said bail bond were without authority of law, and the plea in abatement should have been sustained.

For the error of the court in overruling same and rendering judgment against appellants, the judgment is reversed and the case remanded.

*Reversed and remanded.*

Judges all present and concurring.