YLDEFONSO GUERRERO v. THE STATE.

No. 2104.    Decided October 18, 1899.

**1.  Statement of Facts—Approval by Judge.**

Where a purported statement of facts which contains at the beginning a proper heading and concludes as follows: "It is hereby agreed that the above and foregoing is a true and correct statement of the facts in the above entitled and numbered cause," signed by the attorney for the State and defendant, and below and opposite their signature is the name of the trial judge as follows, "A. L. Mc., Judge;" Held, this sufficiently indicates the intention of the judge to approve the statement of facts as correct, though such practice is not approved—the statute (Revised Statutes, articles 1379, 1381) being easy of accurate compliance in this regard.

**2.  Defendant as Witness—Cross-Examination.**

Where defendant as a witness had testified that he was a peaceable man and had never had a difficulty with anyone, it was competent on cross-examination to prove by him that he had had a previous difficulty with an old woman in which he threw a piece of cinder at her and she fell and cut herself.

**3.  Murder—Mutual Combat—Charge.**

On a trial for murder where there were two theories presented by the evidence as to mutual combat, to wit, for the State to the effect that after agreement for

mutual combat defendant took undue advantage of deceased during the combat and slew him, and for the defendant that no mutual combat was agreed on, but that while going with deceased to a place for a peaceable settlement of their diffi-culty, deceased assaulted and shot him, and he had only acted in self-defense, Held, a charge of court which entirely ignored mutual combat and authorized defendant to act in his self-defense if he was first assaulted, was more liberal to defendant than would have been a charge on mutual combat and a counter-charge presenting defendant's theory on that subject.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLANE.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

This is a second appeal in this case. See Guerrero v. State, 39 Texas Criminal Reports, 662, where the facts attendant upon the homicide will be found fully reported.

No brief for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the peni-tentiary for a term of ten years, and he appeals.

The Assistant Attorney-General has filed a motion to strike out the statement of facts on the ground that the purported statement of facts in the record is not properly certified to by the judge. On an examina-tion of the record, we find at the conclusion of said purported statement of facts the following indorsement: "It is hereby agreed that the above and foregoing is a true and correct statement of the facts in the above entitled and numbered cause. [Signed] A. C. Hamilton, Dist. Atty., 49th Dist. A. Winslow, C. A. McLane, Attorneys for Defendant." Below and opposite this is the signature, "A. L. McLane, Judge." Then follows the file mark of the clerk. The question thus presented is the sufficiency of the above indorsement to a statement of facts. Article 824, Code of Criminal Procedure, provides: "If a new trial be refused, a statement of facts may be drawn up and certified and placed in the record as in civil suits. Where the defendant has failed to move for a new trial, he is, nevertheless, entitled, if he appeals, to have a state-ment of the facts certified and sent up with the record." In order to ascertain the method required in authenticating the statement of facts, we look to articles 1379, 1380, and 1381 of the Revised Civil Statutes. The first of said articles provides: "* * * If the parties, or their attorneys, agree upon such statement of facts, they shall sign the same, and it shall then be submitted to the judge, who shall, if he find it cor-rect approve and sign it, and the same shall be filed with the clerk." Article 1380 provides: "If the parties do not agree upon such state-ment of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements during the term, make

out and sign and file with the clerk a correct statement of the facts proven on the trial," etc. In support of the motion the Assistant Attorney-General refers us to Hess v. State, 30 Texas Criminal Appeals, 477, and Wilson v. State, 34 Texas Criminal Reports, 355. Hess v. State is a case in which the court held what purported to be a statement of facts, which was not signed by the attorneys, but was marked "Approved" and signed by the judge, not a sufficient authentication of same as a statement of facts. This was followed by Wilson v. State, 34 Texas Criminal Reports, 355, which was similar to the above case in the authentication of the statement of facts. See also Morse v. State, 39 Texas Crim. Rep., 566, and Wright v. State, 37 Texas Crim. Rep., 3. The case at bar is unlike either of said cases. Here we have what purported to be an agreed statement of facts, signed by the district attorney for the State, and by the attorneys who represented the defendant. Following this agreement is the official signature of the judge. If, above his signature, it had been marked "Approved," of course there would be no question. In the absence of an express approval, can we reasonably infer that there was an approval of the statement of facts? We take the following to be the rule on this subject: That the signature of the presiding judge must appear to the statement of facts in such way as to indicate his approval of same. See Renn v. Samos, 42 Texas, 104; Frost v. Frost, 45 Texas, 324; Johnson v. Blount, 48 Texas, 38; Barnhart v. Clark, 59 Texas, 552; McManus v. Wallis, 52 Texas, 534; Schneider v. Stephens, 60 Texas 419. All the above cases indicate a strictness in requiring a proper authentication to the statement of facts. In the Renn case, supra, it was held that a paper signed by counsel of one of the parties to the suit, and marked "Approved" by the judge, could not be considered as an approval by the judge of an agreed statement of facts. In that case it was said "that there was no agreement of counsel showing it to be a correct statement of facts, and neither in the beginning nor conclusion of the paper in question was it shown to be a statement of the facts proved on the trial." We think the court very properly held in that case that the authentication was not sufficient. And in McManus v. Wallace, supra, the purported statement appeared to have been made by the judge, and was signed officially by him, but the certificate did not show that the parties had failed to agree on a statement of facts. The court, however, in that case, indulged the presumption that the parties had failed to agree. This was on the ground that the judge would not be authorized to make out a statement of facts, and approve it as such, unless the parties to the suit had failed to agree. And see Bowden v. State, 2 Texas Crim. App., 56, and Williams v. State, 4 Texas Crim. App., 178. In Schneider v. Stephens, supra, but one of the parties signed the statement of facts, which purported to be a correct statement of facts. The judge certified that it was a correct agreed statement of facts, and, notwithstanding the failure to sign same by both parties, it was presumed, in favor of the certificate of the judge, that the parties had agreed on said statement. In the case before us the purported state-

ment of facts contains at the beginning a proper heading, to wit: "Be it remembered that upon the trial of the above entitled and numbered cause, at said term, the following facts were proved." At the conclusion of said statement we have the indorsement as above set out, showing that the attorneys agreed on said statement as a statement of facts, and that thereafter the judge signed his name officially thereto. In our view, it can be reasonably inferred that it was the object and intention of the judge, in signing his name as before shown, to approve the same as a correct statement of the facts. Of course, we would not be understood as approving this practice. It would be a very easy matter for the judge to comply accurately with the statute on this subject, and in all cases he should do so. We, however, hold that the above authentication is sufficient, and overrule the motion of the Assistant Attorney-General to strike out the statement of facts.

This is the second appeal in this case. For former opinion, see 39 Texas Criminal Reports, 662.

Appellant was placed on the stand as a witness on his own behalf, and it was proven by him that he was a peaceable man, and had never had a difficulty with anyone. On cross-examination the dictrict attorney asked him with reference to a difficulty with an old Mexican woman by the name of Olivares, and asked him if he had not cut her in said difficulty. The defendant denied that he had cut her, but admitted that he had had a difficulty with her; that she first cursed him, and picked up a big rock and threw it at him; that he dodged, and it struck the wall; and that he then picked up a big piece of cinder and threw it at her, and she fell and cut herself on the rails. Appellant objected to this testimony on the ground that it put the defendant's character in issue, that it was a collateral matter, and that said inadmissible testimony was calculated to injure the rights of the defendant before the jury. We believe defendant had put his character in issue by proof that he was a peaceable man and that he had never had a difficulty, and the testimony was in rebuttal of his evidence. However that may be, we fail to see any injury in said testimony, inasmuch as appellant denied cutting the old woman, and showed by his evidence that she was to blame in the difficulty which occurred between them. We fail to see how any injury ensued to appellant.

Appellant also excepted to the refusal of the court to give a number of instructions requested by him. We deem it necessary to notice but one of said refused instructions, which is as follows: "If you believe from the evidence that defendant and deceased had, a short time prior to the homicide, quarreled, and otherwise indulged in the use of such language towards each other as to leave the impression upon the minds of the witnesses who have testified before you that deceased and defendant were ready to engage in a mutual combat, but that immediately thereafter defendant, Yldefonso Guerrero, abandoned such purpose, if any such he ever had, and went away for the purpose of avoiding a difficulty with deceased, but was shortly afterwards overtaken by deceased, and was induced by deceased to return with him for the purpose of mak-

ing friends and settling their dispute, if any existed at the time, in a peaceable and amicable manner, and the difficulty was then renewed by deceased by the use of such language, coupled with any such threatening acts, as to make it reasonably apparent to defendant that it was the present purpose and intention of deceased to murder defendant or to do him serious bodily injury, and defendant killed him, he is entitled to be acquitted." The court gave a general charge on the subject of self-defense, authorizing the jury, in general terms, to acquit the defendant if they believed deceased made the first assault on him in such manner as to cause a reasonable apprehension of loss of life or of serious bodily injury. The court, however, did not give a similar charge to the one refused, or one presenting in detail appellant's right of self-defense in case appellant agreed to engage in a mutual combat, and afterwards abandoned such agreement to have a mutual combat, with deceased. Nor did the court give a charge in favor of the State presenting the issue of mutual combat, as against defendant. The testimony for the State tended strongly to show a case of mutual combat, and no abandonment on the part of defendant, but an undue advantage taken by defendant of the deceased during the mutual combat. On the other hand, the testimony of the defendant tended to show that he did not agree to a mutual combat, but merely went along with deceased to a secluded place in order to have an amicable settlement of their difficulty, and the deceased made the first assault on him by shooting him with a pistol, and he merely acted in self-defense. Unquestionably if the court had given a charge on mutual combat, then it would have been error for the court to have failed to give a counter charge presenting appellant's theory of the case, arising from his own testimony; that is, his refusal to enter into a mutual combat, or, having agreed to enter into a mutual combat, his subsequent abandonment thereof. But, as stated before, the court did not, as it might well have done, give a charge in favor of the State on the subject of mutual combat, by its effect cutting the defendant off from the right of self-defense altogether, but gave a general charge on the subject of self-defense, ignoring altogether the idea of mutual combat, and authorizing the defendant to act in his own self-defense, if he were first assaulted, regardless of any mutual agreement to fight. Under the circumstances, we think this charge was sufficient, and more liberal towards defendant than he was entitled to. Indeed, the court would have been only authorized to give the requested charge on appellant's own testimony, and a review of that, in connection with the other testimony in the case, but barely presents the theory asked in the charge. However, as stated above, in our opinion the court's charge on self-defense was more liberal towards the defendant than would have been a charge on mutual combat, and a counter charge presenting appellant's theory on that subject. We find no error in the record, and the judgment is affirmed.

*Affirmed.*