## J. W. EDWARDS v. THE STATE.

### No. 2021. Decided November 13, 1912.

**1.—Murder—Charge of Court—Manslaughter—Deadly Weapon.**

Where, upon trial of murder, it was shown that deceased threatened to strike defendant with an iron bar or rod of sufficient dimension to have inflicted death or serious bodily injury, the court in his charge on manslaughter should have applied it to these facts in reference to adequate cause, instead of leaving the jury to infer from such charge that deceased had drawn a deadly weapon.

**2.—Same—Charge of Court—Article 676, White's Penal Code—Presumption—Self-Defense.**

Where, upon trial of murder, the evidence showed that deceased made an attack upon defendant with an iron bar or rod, the court in his charge

on self-defense should have charged, under article 676, White's Penal Code, that if the facts reasonably indicated from defendant's standpoint, an intention on the part of the deceased to murder, maim, or disfigure defendant, etc., it was presumed that the deceased designed to inflict such injury; and a charge to acquit defendant if he believed his life was in danger was insufficient.

**3.—Same—Charge of Court—Abandonment of Difficulty—Self-Defense.**

, Where, upon trial of murder, the evidence showed that defendant had abandoned the difficulty, the court should have charged that his perfect right of self-defense was thereby revived.

Appeal from the District Court of Knox.    Tried below before the Hon. Jo. A. P. Dickson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at two years confinement in the penitentiary.

This is the second appeal, the first being found reported in 60 Texas Crim. Rep., 323.    The salient features of the case as shown by the facts are fairly well stated in the decision on former appeal.

This record shows that the court gave all the definitions of murder in the first and second degree.    The first fourteen clauses of the charge were devoted to the definition of these two degrees of homicide.    In the fifteenth section of the charge the court instructed the jury that they could not find defendant guilty of murder either in the first or second degree, and then proceeded to give a charge with reference to manslaughter.    The nineteenth section of the charge is criticised. It is in the following language: "Anger and insulting words coupled with sudden gestures as if to draw a deadly weapon well calculated to inflict serious bodily injury, on the part of the person killed would constitute adequate cause, in view of the case."    This section of the charge is criticised upon several grounds.    It is inaptly expressed to say the least of it.    The theory upon which this charge was given is found substantially in the following testimony:    Appellant and deceased had had a little difficulty in the evening in which appellant seems to have been the aggressor.    They had made friends, and appellant had gone to the room of deceased at his request and invitation to spend the night.    While in the room the trouble was renewed, the State's theory being that appellant was the aggressor.    Appellant's testimony both from his res gestae statement, his own testimony, and the evidence of other witnesses is to the effect that while they were in the room the deceased brought about and occasioned the difficulty, and

approached appellant with an iron bar or rod of iron of sufficient length and dimension to have inflicted serious bodily injury or death; that appellant warned the deceased three different times to stop and not come upon him, that he was unarmed at the time, and backed away from the deceased. Finally, in reaching around in the dark he picked up something which proved to be a piece of wood or scantling, and as deceased came upon him he struck him with it. On account of this lick the deceased subsequently died.

Upon another trial the language complained of might be more guardedly expressed. The contention is that deceased had not drawn a deadly weapon as the jury was left to infer from this language, but defendant was being threatened with an assault from deceased with an iron rod and not the drawing of a weapon, and the charge should be pertinently applied to the facts in instructing the jury in reference to adequate cause as suggested by these facts.

Appellant asked several charges, which were refused by the court. The first reads as follows: "If you believe from the evidence that at the time defendant killed deceased, the deceased was making an attack on defendant with a piece of iron or was about to do so, which, viewed from defendant's standpoint, placed him, defendant, in danger of death or serious bodily injury, and to save himself therefrom defendant struck and killed deceased R. L. King, you will acquit," etc. We are of opinion this charge should have been given. The court's charge was given in the abstract with no pertinent application of the law to the facts. It is the safer and better rule always, in charging the jury, to apply the law to the facts of the given case. The charge given by the judge in the trial court would have fitted any case in which there was danger or apparent danger, and made no application directly to the facts of the case. We call attention to the above matters so that they may not occur on another trial.

Another charge requested by appellant submitted article 676 of White's Penal Code. This the court refused to give. It is unnecessary to repeat this charge. The substance of it is, the jury was instructed that if they believed at the time the defendant struck deceased, the deceased was making an attack upon him which, under the circumstances, reasonably indicated an intention to murder, maim or disfigure him, etc., with a piece of iron, and the weapon and the manner of its use was such as were calculated to produce either murder, maiming or disfiguration, etc., then the law would presume that the deceased R. L. King intended to murder defendant, and if under these circumstances and they to be viewed from the defendant's standpoint, defendant killed deceased, they would find him not guilty. That portion of the charge was preceded by the further charge that the jury is charged, as a matter of law, that when a killing takes place to prevent murder, etc., if the weapons and means used by the party attempting or committing such murder, etc., are such as would have been calculated to produce that result it is to be presumed that the

person so using them designed to inflict the injury. This charge should have been given, and its omission is fatal to this conviction. The court charged the jury that if the defendant believed his life was in danger, etc., they should acquit, but under the facts the deceased was approaching appellant with an iron bar which was capable of producing death or inflicting serious bodily injury. These acts, viewed in the light of self-defense, under the terms of article 676, supra, called for and demanded that this phase of the statute be given because it was a legal presumption made so by the statute that under such circumstances the attacking party designed to kill or inflict serious bodily injury. The facts being shown that the deceased was making such an attack, or about to make such an attack with such weapon, the law required the jury to presume that he did intend to kill or inflict the mentioned injury. It has always been held under such circumstances a fatal omission for the court not to so charge, and wherever the exception has been properly presented for such failure a reversal has followed. The statute so provides and it should be followed.

There is another matter presented by special charges and not given in the court's charge. In the evening there had been some trouble between the parties not of a serious nature, in which appellant was the aggressor. Appellant it seems had assaulted the deceased, which amounted to a simple assault, striking him with his fist or hat. The parties made friends and deceased invited appellant to spend the night with him, and he had gone to the room with deceased for that purpose when the tragedy occurred. Appellant insisted by special charge, which was refused, that the jury should have been instructed that under these circumstances, the difficulty having been settled, appellant having abandoned any further trouble, and friendship renewed, his right of perfect self-defense revived, and if deceased became the aggressor under those circumstances he would have the right of perfect self-defense. It is not undertaken here to copy the charges but only the substance is stated. Upon another trial of the case this phase of the law should be given to the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*