# OCTOBER, 1918

## L. A. CAMPBELL v. THE STATE.

### No. 5068.   Decided June 26, 1918.

**1.—Murder—Charge of Court—Abandoning Difficulty—Rule Stated.**

The abandonment of the difficulty by the defendant does not arise where the difficulty was continuous, the only change being in the position of the parties, and where the facts did not raise the issue of abandoning the difficulty there was no error in the court's failure to charge thereon.

**2.—Same—Suspended Sentence—Charge of Court.**

Where defendant pleaded for suspended sentence, there was no error in the court's failure to submit a requested charge that the jury should not

regard this plea as any evidence of guilt; the court's charge in other respects being full and correct.

Appeal from the District Court of Jones. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Brooks, W. H. Murchison, Kenan & Glassgow,* and *Montgomery, Carrigan & Britton,* for appellant.—On question of charge of court: Smith v. State, 57 Texas Crim. Rep., 455, 123 S. W. Rep., 698.

On question of abandoning difficulty: Webb v. State, 41 Texas, 67; Chambers v. State, 86 S. W. Rep., 752; Mazureczk v. State, 59 Texas Crim. Rep., 211, 128 S. W. Rep., 136.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of manslaughter, his punishment being assessed at two years confinement in the penitentiary.

The court only submitted the issue of manslaughter, and in this connection the facts briefly stated show that appellant and deceased had been partners in the mercantile business, and a few months prior to the homicide had dissolved partnership, the deceased becoming the partner in another competing firm, and was depot agent of the railway company and in control of the postoffice. Appellant, doing business with the railway company, had complained of deceased as its agent with reference to freight bills and so wrote to the company. This letter found its way to deceased, who called upon appellant on Sunday morning at appellant's place of business, and hot words ensued. The controversy became sufficiently warm for appellant to pull off his overcoat with a view of engaging in a personal encounter. At this juncture parties interfered. The deceased was taken in charge by an uncle, and appellant also by a relative, and started away. There is a contention as to whether appellant was pulled away forcibly or whether he went willingly. The evidence shows that whatever the facts may be in this connection, the deceased followed him and while appellant was being held by his relative was knocked down by deceased perhaps twice. While upon the ground appellant pulled his pocketknife, opened it, and in their further fighting used it. There was one blow inflicted by this knife which within ten or twelve days resulted in the death of deceased. The State's evidence shows that appellant was forcibly pulled away and did not abandon the difficulty and had no intention of abandoning it, while the defendant's testimony is to the contrary. There is no question, however, as we understand this record that the deceased brought about the occasion of the difficulty and provoked it. This put appellant in the right from the beginning of the trouble to its ending. The court recog-

nizing this charged the jury with reference to self-defense and from the standpoint of using more force than was necessary. The main contention of appellant is the failure of the court to charge the issue of abandoning the difficulty. We are of opinion under the facts and the authorities that this issue was not in the case, and, therefore, there was no error in regard to this. The authorities lay down the proposition that the abandonment of the difficulty by the defendant does not arise where the difficulty was continuous, the only change being in the position of the parties during the progress of the encounter. Branch's Ann. P. C., sec. 1965. It was also held in Renow v. State, 49 Texas Crim. Rep., 281, and Humphrey v. State, 73 Texas Crim. Rep., 433, 165 S. W. Rep., 589, that it was error to charge on the theory of an abandonment of the difficulty by defendant if there is no proof that he produced the occasion or provoked the difficulty. It was also held by a line of authorities (Roberts v. State, 30 Texas Crim. App., 291; Chalk v. State, 35 Texas Crim. Rep., 116; Kelly v. State, 68 Texas Crim. Rep., 317, 151 S. W. Rep., 304), that to entitle an accused to a charge on abandonment of the difficulty there must be evidence that he indicated his intention of abandoning the difficulty so that his adversary so understood it, but this is taken in connection with the other thought and line of decisions above mentioned. It is also held that a mere retreat and firing back is not an abandonment. Burris v. State, 34 Texas Crim. Rep., 551. If the charge does not submit the State's theory of a mutual combat but ignores that theory altogether, it is not error to fail to charge on defendant's theory of mutual combat and his abandonment thereof where a general charge on self-defense is given. Guerrero v. State, 41 Texas Crim. Rep., 161. So it would seem under these authorities that the issue of abandonment of the difficulty was not in the case. Appellant was not in the blame at any point from any viewpoint of the evidence. The deceased brought on the trouble and followed it to its conclusion. If appellant started away in good faith, as claimed by his testimony, and the deceased continued the attack, it would be a case of self-defense from the inception of the difficulty. The court gave a full and sufficient charge on the issue of self-defense under the facts. Under this theory of the facts and condition of the law we are of opinion that the court was not in error in not charging on abandonment of the difficulty.

It is contended that the court should have given the charge asked by defendant to the effect that the jury should not regard a plea for suspended sentence as any evidence of guilt. A plea of suspended sentence is always based upon the idea there might be a conviction, and if this should occur appellant would be entitled to ask the jury for a suspension of the sentence. While it might be proper to give this charge, it is not necessarily fatal to a conviction that the charge was not given; especially so in this case, because the court instructed the jury that if they convicted defendant of manslaughter, they could then consider the question as to whether or not they should give him the benefit of a sus-

pended sentence. This was tantamount to charging the jury that it was only in case of conviction that they should find on the plea of suspended sentence. In other words, the plea of suspended sentence would only apply when a conviction was had. While it might have been proper for the court to have instructed the jury that they should not consider a plea of suspended sentence as evidence of guilt, yet under the circumstances and the charge given we are of opinion it was not such an error as to require a reversal of the judgment because he did not give it. There was no exception to the charge taken at the time it was given, and if an exception can be regarded at all it would be only because appellant asked special instructions with reference to the plea of self-defense and abandonment of the difficulty. We are of opinion that the court's charge on self-defense was full and in view of the fact that the court gave a sufficient charge on self-defense, and abandonment of the difficulty not being in the case, there was no reversible error from this view of the case. The record as presented to us does not show sufficient reason why a reversal should occur.

The judgment is affirmed.

*Affirmed.*