## H. F. Edwards et al. v. The State.

### No. 8783.    Delivered May 6, 1925.

**Forfeiture of Bond—After Judgment Nisi—Subsequent Judgment—Invalid.**

Where on forfeiture of a bond, a judgment *nisi* is entered, and on hearing, the citation is quashed, a subsequent judgment *nisi* on the same bond is invalid, the first judgment being in full force and effect. Following Burris v. State, 31 S. W. 395.

Appeal from the County Court of Hardin County. Tried below before the Hon. T. F. Teel, Judge.

Appeal from a judgment making final a forfeiture of a bail bond. The opinion states the case.

*Blain & Jones,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—This is an appeal from a judgment of the county court of Hardin County making final a forfeiture of a bail bond.

It appears from the record in this case that one H. F. Edwards was charged in the county court of Hardin County with unlawfully, obtaining from the possession of the Superintendent of Public Instruction examination questions prepared by the State Super-

intendent, and made his appearance bond, with the appellants herein as sureties thereon, to appear before the county court of said county to answer to said offense. When said case was called for trial on the 23rd day of August, 1923, said defendant failed to appear and his bond was forfeited and a judgment nisi entered and *scire facias* was issued and served upon the appellants herein, citing them to appear at the November term of said court and show cause why said judgment should not be made final. At the November term of said court the citation was quashed on motion of the attorneys for appellants and the cause dismissed. It is further made to appear from the record that the criminal case against said Edwards was again called in said court on December 3, 1923, whereupon he failed to appear and answer, and upon request of the county attorney the bond was again forfeited and a judgment nisi again entered and citation was issued and served on the appellants to show cause why said second judgment nisi should not be made final on February 18, 1924, at which date the appellants again presented a motion to quash and set aside the citation and *scire facias,* which was overruled, and they then filed a plea in abatement, bringing into question the second forfeiture of this bond and asserting that the second attempted forfeiture and the second judgment nisi thereon was a nullity and void, together with other questions presented, all of which were overruled by the court, and the judgment was made final.

From the view we take of the case, it becomes necessary at this time to discuss only the error of the court in overruling the plea in abatement and holding that the second judgment nisi and forfeiture was valid. We think the court was in error in this particular. As we understand the law, the first forfeiture and judgment nisi was in force and effect at the time of the attempted second forfeiture, and the entering of judgment nisi upon the latter was a nullity; and in keeping with said contention we cite the case of Burris v. State, 31 S. W. 395, which is decisive of the question in the instant case.

For the error above discussed, we are of the opinion that this case should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.