ETHEL HARPER V. THE STATE.

No. 22138. Delivered May 27, 1942.
Rehearing Denied June 24, 1942.

The opinion states the case.

*Hodge Thompson*, of Corpus Christi, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder and given a penalty of five years in the penitentiary, hence this appeal.

There are no bills of exceptions in the record save those relative to the trial court's refusal to give certain special charges.

The facts show that appellant and the deceased, J. D. Moore, both negroes, were common law husband and wife; that the course of their thus married life had not been running smoothly; that about a week prior to the fatal difficulty appellant had made an assault upon the deceased with a knife, and upon a command by a negro policeman she was disarmed, but at such time threatened to take the life of the deceased. At the time of the killing, about 3 o'clock in the morning, the deceased was at a wash rack near a filling station, and he and appellant were "fussing." According to the State's witness Freeland: "She was fussing with J. D. Moore. She said: 'Are you going to fight?' and he said: 'Go 'way, girl; I don't want no trouble.' She said: 'Yes, you black son-of-a-bitch, you're going to fight.' He said: 'No; I don't want no trouble,' and then she hit him with her purse, hit him in the head. He had not made any move to hit her before that; he was just sitting there at the wash rack. He grabbed a shovel and hit her and she ran." The deceased ran after appellant with the shovel and she called for help; the deceased pursued appellant around the wash rack and finally some one told the deceased to stop, and he did so, and he fell across an oil can and soon died. Appellant during such altercation had a red handled ice pick in her hand, and

in her own testimony said that she stabbed deceased therewith. It is shown that there was a small hole just back of the deceased's left clavicle, which penetrated about four inches into the body, and doubtless entered the arch of the aorta and produced his death.

While appellant failed to remember the striking of the deceased with the purse, nevertheless the testimony being presented by the State might have called for the placing of a limitation upon appellant's right of self-defense by a charge on a provocation of the difficulty, or a mutual combat. However, the trial court did not in any manner limit appellant's right of self-defense, but in his charge gave appellant an unrestricted right to an acquittal unless the jury believed beyond a reasonable doubt that she did not thus kill in her own self-defense, as the same reasonably appeared to her at such time.

Appellant's contention as reflected in her requested charge No. 3 was that although she might have provoked such fatal difficulty by her words and acts, or engaged in a mutual combat with deceased, nevertheless if she immediately abandoned the same, she asked the court in such charge to instruct the jury that her right of self-defense would again become available to her unimpaired by her previous acts of provoking the difficulty or engaging in a mutual combat.

In the case of Guerrero v. State, 41 Tex. Cr. R. 165, 53 S. W. 119, it was held that if the charge does not submit the State's theory of mutual combat but ignores that theory altogether, it is not error to fail to charge on defendant's theory of mutual combat and his abandonment thereof where a general charge on self-defense is given.

The office of a charge on an abandonment of the difficulty arises when there has been some limitation placed upon the accused's right of self-defense, and under certain circumstances such as an abandonment of the difficulty by the accused, his perfect right of self-defense again arises. And in this connection we find that evidence of the accused and his antagonist having voluntarily entered into a mutual combat, the right of an imperfect self-defense would also arise, but it is held in the case of Campbell v. State, 84 Tex. Cr. R. 90, 206 S. W. 348:

"If the charge does not submit the State's theory of a mutual combat, but ignores that theory altogether, it is not error to

fail to charge on defendant's theory of mutual combat and his abandonment thereof where a general charge on self-defense is given," citing Guerrero v. State, supra.

Under this line of reasoning, we think the trial court's liberality in the charge given on unlimited self-defense eliminated any necessity for a charge relative to an abandonment of the difficulty, no right relative to perfect self-defense having been taken from appellant.

We have examined the other requested charges not given and are of the opinion that they were covered in the main charge given to the jury.

Finding no error in the record the judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

A very insistent motion for rehearing has been filed in this case. The position is taken that the original opinion making reference to the wound found and the conclusion as to the depth of the wound, and further saying that it "undoubtedly" pierced the aorta, was without support in the evidence of the case. We have carefully examined the testimony given by Mr. Moffett, a policeman, from which we quote the following:

"I found a very small wound and no blood at all on the outside and the way I discovered it was by a white spot. The wound had closed up it looked like. The wound was right up here in the soft spot behind the shoulder blade on the left hand side. It looked like the wound was right straight down. * * * At that place I had occasion to examine that wound and I would say the wound was approximately four inches deep; it extended right straight down from his shoulder from the soft portion behind the shoulder blade."

On cross examination the witness said that when he saw the deceased before he died he showed no signs of having been running or of doing any violent exercise. He was weak and, further, "The way we found out how far it had gone down, we ran a probe in there at the undertaking parlor, the undertaker and myself. * * * Actually, I do not know how far it went in."

As we understand that language, he meant to say he did not know *exactly* how far it went, but there is no relenting indicated from his position that it was about four inches as stated in the direct testimony. This, we think, warrants the statement in the original opinion.

Doctor Watson was then placed on the witness stand and was asked a hypothetical question reasonably and fairly embracing the foregoing testimony. In view of the things stated, as observed by the witness and included in the testimony, and in view of the death of the party, it was the doctor's conclusion that this wound must have pierced the aorta and also that the wound produced death. This sufficiently warrants the rest of the statement made in the original opinion and also answers the argument made in the motion relative to that portion of the original opinion. We do not think that the evidence amounted to guessing or conjecture, but that it was substantial testimony of sufficient potency to authorize the jury to find as they did under all of the facts of the case and the charge of the court.

It is insisted that the opinion in this case is directly in conflict with Guerrera v. State, 148 S. W. (2d) 421, a recent opinion by this court. We have carefully reviewed the record in both cases and are at loss to find the inconsistency insisted upon. In the Guerrera case the witnesses, including the doctors, did not have sufficient testimony to authorize them to reach a conclusion. This fact was admitted directly and positively by each one of them. They had opinions and they so stated, followed each time by an admission that they could not be certain. We simply held that if their investigation was of such a character that they could not be certain, the State was in no position to ask the jury to do more than the witnesses themselves could. In the instant case it is admitted the evidence could have been improved upon by holding an autopsy, but it appears that the witnesses could reach a satisfactory conclusion without an autopsy. Having done so, and having produced admissible testimony to that effect, the State was not in the position of asking the jury to go further than the witnesses themselves were able to go. Consequently, in response to the very respectful and earnest plea in the motion, we have made this examination of the two cases and reach the conclusion that the original opinion correctly affirmed the judgment of the trial court.

The motion for rehearing is overruled.