**Houston McELROY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42610.**

Court of Criminal Appeals of Texas.

April 29, 1970.

---

**224**

Will Gray, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Theodore P. Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for murder with the punishment assessed at 13 years in the Texas Department of Corrections.

All five of appellant's grounds of error relate to the court's charge at the guilt stage of the proceedings.

The record reflects that on February 13, 1967, the appellant went to the deceased's (his estranged wife's) apartment in the City of Houston to seek a reconciliation. There he found his wife about to depart in a taxicab. He asked to talk to her for a

few minutes and told the taxi driver to leave. Soon thereafter an argument ensued, a "scuffle" occurred, and the appellant took from the deceased a pistol which she had pulled from her purse. The deceased then stated she had to go to the bathroom and started to the nearby apartment building but left the first bathroom because of the presence of repairmen. At this point the appellant grabbed her arm and forced her outside. The deceased in turn grabbed an iron post and refused to let go although the appellant slapped or hit her in the face twice. After this "scramble" the deceased went into the apartment, and the appellant was heard to say, "Wait til I come back" and he left the apartment complex but returned in about five minutes.

At this time the deceased began to shoot at the appellant from a second story stairway window. The appellant clutched at his stomach and ran to the apartment building wall to avoid being hit. The deceased came down the stairs and then fired at the appellant again. Several witnesses in the apartment complex at the time testified they then heard a volley of shots.

Testifying in his own behalf appellant related that when the deceased fired at him after coming downstairs he pulled a pistol and shot three or four times to "scare her and make her stop," but that he did not intend to kill his wife; that she fell at the bottom of the stairs.

The court charged on the law of self-defense but it was not an unrestricted charge since the court also charged on provoking the difficulty.

In his first ground of error appellant complains the court erred in failing to respond to his special requested charge to instruct the jury in connection with the issue of self-defense that "[t]he defendant not only need not retreat but may pursue his adversary until he finds himself out of danger."

In his charge on the law of self-defense the court instructed the jury as to real and apparent danger and informed the jury that a person acting in self-defense "is in no event bound to retreat in order to avoid the necessity of killing his assailant."

■ A charge on the right to pursue should be given if raised by the evidence, Thompson v. State, 101 Tex.Cr.R. 587, 276 S.W. 699. If, however, there is no testimony that a defendant did pursue his adversary, it is not necessary to so charge. Dittmer v. State, 45 Tex.Cr.R. 103, 74 S.W. 34; 4 Branch's Ann.P.C., 2nd ed., Sec. 2146, p. 479.

■ We do not find any testimony, even from the appellant's own lips, that at the time he shot and killed the deceased he was pursuing his adversary or that the deceased was seeking to reach a point of vantage from which to shoot and kill him. He related that his wife came down the stairs and fired at him while he was outside; that he then pulled his pistol and fired three or four times to scare her; that she fell at the bottom of the stairs.

The court instructed the jury to acquit if they found or had a reasonable doubt that the appellant had fired only to stop and scare the deceased without any intention of hitting her. The court also instructed on the presumption from use of a deadly weapon by the deceased as authorized by Article 1223, Vernon's Ann.P.C.

Under the circumstances presented, we do not conclude the court erred in failing to charge on the right to pursue.

Next, complaint is made of the failure to instruct the jury at the request of the appellant that he had a right to continue to shoot as long as it reasonably appeared to him that he was in danger.

"The necessity of such a charge in a given case depends upon the facts and the manner in which the issues are submitted to the jury." Boaz v. State, 89 Tex.Cr.R. 515, 231 S.W. 790, 794. Conn v. State, 143 Tex.Cr.R. 367, 158 S.W.2d 503.

■ If the facts call for it, the charge or instruction should normally be given. See 4 Branch's Ann.P.C., 2nd. ed., Sec. 2147, p. 480; Thompson v. State, 101 Tex. Cr.R. 587, 276 S.W. 699. "Some difficulty arises in making application of the rule under the facts of particular cases." Key v. State, 149 Tex.Civ.App. 200, 192 S.W.2d 563.

In *Goodman v. State*, Tex.Cr.App., 114 S.W.2d 885, the refusal to so charge was not error where there was (1) no evidence that the defendant fired shots after the deceased fell, (2) no evidence that the combatants changed position and (3) the shots were fired without any noticeable intermission, it being a continuous and rapid transaction. See also Barkley v. State, Tex.Cr. App., 214 S.W.2d 287; Walker v. State, 98 Tex.Cr.R. 663, 267 S.W. 988. Though in Smith v. State, Tex.Cr.App., 411 S.W.2d 548, it was held that the defendant may, under the facts of continuing danger and a change in position of the parties, be entitled to such a charge though the shots are fired in quick succession.

■ In the case at bar the appellant testified he ran to the building to prevent being shot and that after the deceased came downstairs she fired one shot at him and then he pulled his pistol and fired to "scare" her because he was nervous and excited; that she fell at the foot of the stairs.

There is no showing that there were any shots fired after the deceased fell, no evidence that after the appellant began to fire that the parties materially changed positions and no evidence of continuing danger. The evidence is undisputed that appellant fired the shots in rapid succession.

Under the facts and in light of the charge given, we do not conclude that appellant was entitled to the requested charge. Conn v. State, supra; Henry v. State, 151 Tex.Cr.R. 284, 207 S.W.2d 76.

Ground of error #2 is overruled.

As earlier noted, the court charged the jury as to the presumption from the use of a deadly weapon by the deceased as required by Article 1223, V.A.P.C. There is no merit, then, to appellant's third ground of error that the court erred in failing to so charge.

■ Further, complaint is urged to the court's failure to give an instruction limiting the jury's consideration of extraneous offenses introduced to the issue of intent. This ground of error is unbriefed and the appellant has failed to point out in the record the evidence which he claims entitled him to such a charge. This court should not be required to hunt through a voluminous record to find evidence which an appellant claims ought to have been limited by a jury instruction, and then speculate as to whether the evidence discovered, if any, is that referred to by the appellant. Cf. Puryear v. State, 56 Tex.Cr.R. 231, 118 S.W. 1042. Nothing is presented for review. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

Lastly, appellant complains of the court's failure to instruct the jury on the abandonment of the difficulty by the appellant.

In 4 Branch's Ann.P.C., 2nd. ed., Sec. 2144, p. 477, it is stated:

"To entitle defendant to a charge on abandonment of the difficulty, there must be evidence that he indicated his intention of abandoning the difficulty so that his adversary so understood it. Robert v. State, 30 [Tex.]App. [291] 306, 17 S.W. 450; Chalk v. State, 35 [Tex.]Crim.[R.] [116] 129, 32 S.W. 534; Kelly v. State, 68 [Tex.] Crim. [R.] 317, 151 S.W. 304; Campbell v. State, 84 [Tex.] Crim. [R.] 89, 206 S.W. 348."

■ There was no evidence raising the issue and the court did not err in failing to respond to the special requested charge. Ervin v. State, Tex.Cr.App., 367 S.W.2d

680; Edwards v. State, 60 Tex.Cr.R. 323, 131 S.W. 1078; Mason v. State, 88 Tex. Cr.R. 642, 228 S.W. 952.

Finding no reversible error, the judgment is affirmed.